UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES LAWRENCE POPP,

                    Petitioner,

                                        CRIMINAL CASE NO. 00-50055-04
v.                                              CIVIL CASE NO. 05-40200

UNITED STATES OF AMERICA,         HONORABLE PAUL V. GADOLA
                                                        U.S. DISTRICT COURT
                    Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE

Before the Court is Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, filed June 27, 2005. Because Petitioner's "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court will deny Petitioner's motion. 28 U.S.C. § 2255 ¶ 2.

Of all Petitioner's asserted grounds for relief, the only one that escapes the Antiterrorism and Effective Death Penalty Act's one-year period of limitation is Petitioner's claim that his sentence must be vacated because the Court sentenced him under a mandatory guideline regime, in violation of *United States v. Booker*, 543 U.S. 220 (2005) and *Blakely v. Washington*, 542 U.S. 296 (2004). *See* 28 U.S.C. § 2255 ¶ 6. Nevertheless, both *Blakely* and *Booker* are inapplicable to Petitioner's case. *Blakely* is not applicable to Petitioner's sentence because his sentence was imposed in accordance with the United States Sentencing Guidelines. *See Id.* at 305 n.9. *Booker* is not applicable because the Sixth Circuit has held that *Booker* does not apply retroactively to cases on collateral review. *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005).

Petitioner was sentenced on March 27, 2001 and the judgment and commitment order was

entered the same day. *Booker* was decided on January 12, 2005. Petitioner is attempting to apply *Booker* retroactively to attack his sentence collaterally, which is not possible.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [docket entry 96] is **DENIED**.

**IT IS FURTHER ORDERED** that if Petitioner desires to seek a certificate of appealability ("COA"), Petitioner may file a **MOTION** for a COA within **TWENTY-ONE (21) DAYS** of filing a Notice of Appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA."). The Government may file a response with an appropriate brief, both of which shall comply with the Local Rules, within **FOURTEEN (14) DAYS** of service of Petitioner's motion for a COA.

**SO ORDERED.**

Dated:   February 3, 2006              s/Paul V. Gadola
                                       HONORABLE PAUL V. GADOLA
                                       UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   February 3, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                  Robert W. Haviland                  , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:           James Popp                              .

                                       s/Ruth A. Brissaud
                                       Ruth A. Brissaud, Case Manager
                                       (810) 341-7845